UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

Barry Spenecr II
    Plaintiff,

vs

CITY OF BOSTON et al.,
    Defendants,

## COMPLAINT

(Jury Demand)

Plaintiff will show that:

This is an action of unconstitutional arrest, malicious prosecution, illegal incarceration, conspired acts by officers and all was the result of failure to train, supervise, and monitor. These acts are in violation of the National United States and Commonwealth of Massachusetts Constitutions, as well as laws and statutes arrived therefrom.

## JURISDICTION

Jurisdiction is based upon 28 U.S.C. § 1331, §1343, § 1367; 42 U.S.C. § 1983, and may consider 18 U.S.C. § 241-247; 42 U.S.C. § 1985 and § 1988. Plaintiff seeks monetary recovery in excess of $100,000 for damages incurred by him.

## PARTIES

1. At all times mentioned in this complaint, Plaintiff, Barry Spencer, II, was and now is, a resodent of the County of Suffolk, Commonwealth of Massachusetts.

2. Defendant, City of Boston (same as "City") is a

1

municipal corporation within the Commonwealth of Massachusetts (same as "Commonwealth"), at all times relevant as the public employer for City employees, and the Color of Law, at all times relevant to this action.

2. At all times relevant to this action, defendant Zanoli was a police officer employed by the City of Boston Police Department to perform duties in the Town of Dorchester and was assigned to the C11 Precinct, being sued in individual and official capacities.

3. At all times relevant to this action, defendant Colby was a police officer employed by the City of Boston Police Department to perform duties in the Town of Dorchester and was assign to the C11 Precinct, being sued in individual and official capacities.

4. At all times relevant to this action, defendant Daniel C. Keane, was a Supervisor of police officers employed by the City of Boston Police Department to perform duties in the Town of Dorchester and was assigned to the C11 Preconct, being sued in individual and official capacities.

## FIRST CLAIM FOR RELIEF

5. On April 15, 2013, Defendants Joseph M. Zanoli and Colby unconstitutionally seized and searched the Plaintiff, Barry Spencer, II, and took items from his person.

6. Zonoli and Colby held the plaintiff, twist his arms and wrist, and placed him in cuffs.

7. Plaintiff is informed and believes, and on that basis alleges, that commencing sometime prior to stopping the him because they saw him with money in his hand talking to

2

to a White woman on Dorchester, the defendants, and each of them, knowingly, maliciously, negligently, and wilfully conspired and agreed amoung themselves to tortiously or unlawfully injure plaintiff by committing the act alleged here in furtherance of their conspiracy and agreement.

8. Plaintiff is further informed and believes, and on that basis alleges, the defendants, and each of them, knowingly, maliciously, negligently, and wilfully conspired by their training to racial profile, and economic profile, among other things including violate established Laws, to abuse the process with illegal cases for the financial gain of the Boston Police Department, Municipality of Boston and its Towns, the Court Sysytem and the Commonwealth, with the knowledge that they will destroy the reputation and well-being of plaintiff.

9. The Defendants filed an unconstitutional Incident Report and went to the Supervisor, Daniel C. Keane, for approval, and he consented to their illegal seizure, assult and battery and kidnapping of the plaintiff.

10. Plaintiff is further informed and believes, and on that basis alleges, the defendants, each of them, knowingly, maliciously, negligently, and wilfully conspired relied, wholly or partially, on the false arrest, unconstitutional seizure and search filed a false complaint with Dorchester Court.

10. Plaintiff was, on April 15, 2013, taken into custody

against his will by the Defendants, and was falsely imprisoned against his will at Area C11 Precent, then assigned a Bail for his release.

11. On May 2013, Plaintiff was falsely imprisoned and held on unrelated issued, that lead to the withdrawal of the bail resulting in seizure of the plaintiff's person.

12. On May 1, 2014, after plaintiff had been falsely imprisoned against his will for a period of     consecutive days, the complaint was, without trial, dismissal on the Motion of the County Attorney of Suffolk County, Massachusetts and Plaintiff case was terminated and ended in favor of the plaintiff, and the charge has not been further prosecuted, but was and is thereby wholly terminated.

13. The prosecution, arrest, detention and trial, on plaintiff were instigated, procured, and set in motion by defendant, acting by its servants and employees, in this action unlawfully, maliciously, without any reasonable probable cause whatsoever therefor.

14. Plaintiff was constitutionally innocent of the crime with which he was charged, that was based upon an illegal unconstitutional seizure and search. By reason of the assault and the false, illegal, and malicious arrest, detention, imprisonment, and trial occasioned by defendants, acting by its servants and employees who were acting within the scope of their duty and authority from defendant City of Boston, and its management, and with the knowledge and consent of defendants, plaintiff suffered great embarrassment

mortification, mental anguish, and physical discomforts, was subject to great humilation and disgrace in being falsely and illegally detained and imprisoned and being compelled to being placed in a police car and driven to the police station and in being confined and locked-up in a cell, as a common criminal, in the police station, was greatly injured in his credit and circumstances, was then and there, hindered and prevented from performing and transacting his necessary affairs of business, and was compelled to and did payout and expend certain sums of money for fees for bail, and other expenses, including attorney fees in defense of the charge and did lose sums by reason of his inability to attend to his business, and did therefor expend the amount of $1,500.00 in such defense, and was further damaged in the amount of $500,000.00 by reason of the acts of defendants.

## SECOND CAUSE OF ACTION

15. The failure of the Mayor of the City of Boston, Police Commissioner and District Attorney to adequately train, supervise, discipline or any other way to ensure preservation of Constitutional rights of Spencer, or, any Defendant in a criminal matter, in exercise of their poliec functions, and their failure to enforce the laws of the Commonwealth of Massachusetts and the regulations of the City of Boston Police Department is evidence of the reckless lack of cautious regard for the rights of the public including Spencer and exhibited a lack of that degree of duty and

due carewhich prudent reasonable individuals would show in excuting the duties of their office.

16. The failure of the Mayor of the City of Boston, and Police Commissioner to adequately train, supervise, discipline or in any other way control the behavior of the defendant in exercise of their police functions, and their failure to enforce the laws of the commonwealth and the regulations of the Boston Police Department is evidence of their reckless lack of cautious regard for the rights of the public including Spencer and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in excuting the duties of thier offices'.

17. The failure of the Mayor of the City of Boston, Police Commissioner, and Suffolk District Attorney's Offices' to train, supervise, and monitor, or, discipline or in any other way control defendant subordinates in the exercise of their police functions, and their failure to enforce laws of the Commonwealth and the regulations of the Suffolk County District Attorney Office and Boston Police Department was and is carried out wilfully, wontonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregrd for the dangers of harm and injury to the citizens of Boston, including Spencer.

18. Because of the acts alleged herein, the failure of the City of Boston and Police Commissioner, Chief of Area C-11 to discipline those defendant officers and supervisor

officers and the continued employment of them present a clear and present danger to citizens of the City of Boston.

19. The injuries sustained by Spencer resulting from the gross neglient, and criminal behavior of all defendants especially the City of Boston in employing and continual employ without adequate training, supervision and in regards to retaliation behavior, nor, disclose exculpatory evidence in each case concerning police officers' violent character, unsuitable temperment, and insensitive, including but not limited to repremands for or investigations.

WHEREFORE, Spencer demands a trial by jury and the following relief jointly and severally against all defendants:

1. A Declaratory Judgement that the policies, practices and acts complained of are out dated and needs to be consistent with the current laws.

2. Compensatory Damages in the amount of $3,831,000.00

3. Puntive Damages in the amount of $1,277,000.00

4. Any other such remedy or relief the Court deems fail and just and appropriate, including costs and reasonable attorney fees.

Respectfully submitted,

/s/Barry Spencer, II
Barry Spencer, II
1 Administration Road
Bridgewater, MA 02324
