UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARRY SPENCER II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10634-IT |
| | * | |
| CITY OF BOSTON, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM & ORDER

March 27, 2017

TALWANI, D.J.

        Before the court are Defendant Daniel Keane's Motion to Dismiss Plaintiff's Complaint

[#20] and Defendant City of Boston's Motion to Dismiss Plaintiff's Complaint [#22]. This court

referred both motions to the Magistrate Judge, who has recommended that the court grant both

motions, and dismiss certain claims with prejudice and others without prejudice. Report and

Recommendation [#35 & #37]. Plaintiff, proceeding *pro se*, has lodged timely objections to both

orders claiming a variety of error, Objections [#40 & #41], and has also sought leave to amend

his complaint. Motion for Leave to Amend [#42]. For the following reasons, the court accepts

and adopts the conclusions of both reports that the motions be granted, but reserves the question

of whether dismissal is with, or without, prejudice until Defendants have had an opportunity to

respond to, and the court has had an opportunity to consider, Plaintiff's motion for leave to

amend.

I.        Standard of Review

        The district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge," having made a "de novo determination of

those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

II.    Background

Plaintiff has no dispute as to the Magistrate Judge's statements of the background of the case and they are adopted by the court.

III.   Defendant Keane

Defendant Keane is named only twice in the complaint: he is identified as a supervisor in paragraph four, and alleged to have "consented to [Defendant Zanoli and Defendant Colby's] illegal seizure, assault and battery and kidnapping of the plaintiff" in paragraph nine. As the Magistrate Judge noted, these allegations are insufficient to claim that Defendant Keane's actions were "affirmatively linked" to Plaintiff's constitutional injury, such that they may be characterized either as "supervisory encouragement, condonation, or acquiescence," or as "deliberate difference" such that it would be "manifest to any reasonable official" that the actions were "very likely to violate" Plaintiff's rights. Hegarty v. Somerset Cty., 53 F.3d 1367, 1380 (1st Cir. 1995) (internal citations omitted).

Plaintiff objects, stating "there were several policies and customs established from Racial and gender profiling," an allegation supported with cites to two Massachusetts Supreme Judicial Court opinions: Commonwealth v. Lora, 451 Mass. 425 (2008), and Boston Police Patrolmen's Ass'n, Inc. v. Police Dep't of Boston, 446 Mass. 46 (2006). To the extent Plaintiff intends these cases to preclude a motion to dismiss, the court notes first that Plaintiff's complaint does not contain the facts described in the two Supreme Judicial Court opinions. Second, even were the facts of these opinions incorporated into the complaint, those cases at most describe facts from nearly a decade ago and are not facts specific to Plaintiff's own constitutional injury in April 2013.

Plaintiff further objects that Defendant Keane failed to "properly review the report and

the facts," choosing instead to "rubber stam[p]" the incident report. Even if Plaintiff had alleged that Defendant Keane failed to scrutinize the report, the Magistrate Judge's observation would still be correct that no facts alleged "suggest that [Defendant Keane] encouraged his subordinates to file improper incident reports or that he knew or should have known that the incident report filed in this case was deficient in any respect." Accordingly, Daniel Keane's Motion to Dismiss Plaintiff's Complaint [#20] is GRANTED.

IV.   City of Boston

Plaintiff does not object to the Magistrate Judge's reading of his complaint as potentially alleging four theories of relief against the City of Boston: a Section 1983 claim under Monell v. Dep't of Social Sevs. of the City of New York, 436 U.S. 658 (1978); a common law negligence claim; a claim under the Massachusetts Civil Rights Act; and a claim for civil conspiracy.

As observed by the Magistrate Judge, "municipalities can be held liable only if municipal employees commit unconstitutional acts and those actions are shown to have been caused by a 'policy or custom' of the government," Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008), and the complaint alleges no non-conclusory fact sufficing to demonstrate said "policy or custom." Plaintiff objects that this conclusion stems from imposition of a "heightened pleading standard." To the contrary, it follows by operation of law binding on this court.

Plaintiff objects with further facts regarding the City of Boston's alleged "custom or policy" of racial profiling and racist police tactics. These facts are not in the complaint and therefore do not prevent granting a motion to dismiss. Plaintiff has moved to amend his complaint with further facts regarding the City of Boson's customs or practices, see Motion for Leave to Amend [#42], and the court will review those facts upon consideration of that motion.

The remaining objections are of little moment. To the extent Plaintiff seeks to impose liability on the City of Boston for the officer defendants' intentional torts, he is precluded by

Mass. Gen. Laws ch. 258, § 10(c); to the extent he alleges common law negligence against the city, he has pleaded insufficiently specific facts, as described *supra*, showing the "municipality knew or should have known about an underlying, identifiable tort which was committed by named or unnamed public employees." See Kennedy v. Town Of Billerica, 617 F.3d 520, 533 (1st Cir. 2010). Further, as for Plaintiff's claim under the Massachusetts Civil Right Act, as the Magistrate Judge noted, a Massachusetts Appeals Court decision explicitly exempts municipalities from MCRA liability for want of their being "persons." See Howcroft v. City of Peabody, 747 N.E.2d 729, 744 (Mass. App. Ct. 2001); see also Kelly v. LaForce, 288 F.3d 1, 11 n.9 (1st Cir. 2002). The issue is not so unsettled as to justify Plaintiff's suggestion that this court certify the question to the Massachusetts Supreme Judicial Court.

Finally, after review of Plaintiff's objections, the court agrees with the Magistrate Judge's conclusion that the City of Boston cannot be liable for conspiring with its own employees— acting as the complaint describes: in the course of their employment—because "an entity cannot conspire with itself." See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 131 (1st Cir. 2006). The conspiracy claim thus fails as well.

V.      Conclusion

For the foregoing reasons, Plaintiff's complaint as to Defendant Keane and the City of Boston is DISMISSED. Whether Plaintiff may amend his claims will be addressed in connection with his pending Motion for Leave to Amend [#42].

IT IS SO ORDERED.

DATE: March 27, 2017                              /s/ Indira Talwani_____
                                                 United States District Judge